## STATE of Maine

### v.

### John A. LANE.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1987.
Decided Oct. 13, 1987.

James E. Tierney, Atty. Gen., Wayne S. Moss, Leanne Robbins (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Thomas J. Connolly (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant John A. Lane appeals from a conviction of murder in violation of 17–A M.R.S.A. § 201(1)(A) (1983),[1] following a jury-waived trial in Superior Court (Penobscot County). On appeal, defendant argues that the Superior Court erred in failing to find that he lacked criminal responsibility pursuant to 17–A M.R.S.A. § 39 (1983) *amended by* P.L.1985, ch. 796, § 5.[2] We find no error and affirm the judgment of conviction.

---

**1.** In relevant part 17–A M.R.S.A. § 201(1)(A) (1983) provides as follows:
    1. A person is guilty of murder if:
    A. He intentionally or knowingly causes the death of another human being;

**2.** At the time of the offense 17–A M.R.S.A. § 39 provided:
    1. A defendant is not criminally responsible if, at the time of the criminal conduct, as a result of mental disease or defect, he either lacked substantial capacity to conform his conduct to the requirements of the law, or lacked substantial capacity to appreciate the wrongfulness of his conduct. The defendant

shall have the burden of proving, by a preponderance of the evidence, that he lacks criminal responsibility as described in this subsection.
    2. As used in this section, "mental disease or defect" means any abnormal condition of the mind which substantially affects mental or emotional processes and substantially impairs the processes and capacity of a person to control his actions. An abnormality manifested only by repeated criminal conduct or excessive use of alcohol, drugs or similar substances, in and of itself, does not constitute a mental disease or defect.

The evidence may be briefly summarized as follows: On October 27, 1984, in an apartment in Auburn, defendant placed Angela Palmer, a four year old child, in an oven, placed a chair under the handle of the door to make it impossible to open from the inside, and turned the temperature controls to an extremely high temperature. Angela Palmer died from severe burning of her body. The incident followed defendant's performance of a bizarre rite marked by religious symbols and apparently intended to free Angela's mother from the influence of certain aspects of her personality. Defendant had a long-standing history of mental problems and he had received psychiatric treatment on many occasions prior to the incident. His mental condition at the time of the offense was the central issue of the trial.

■ The resolution of this case is controlled by the assignment of the burden of proof. Whether defendant lacks criminal responsibility for his conduct is a question of fact. *State v. Condon,* 468 A.2d 1348, 1351 (Me.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); *State v. Ellingwood,* 409 A.2d 641, 643–44 (Me.1979). The burden is on defendant to prove by a preponderance of the evidence that he lacked criminal responsibility. 17–A M.R.S.A. § 39(1) (1983). The Superior Court decision that defendant failed to meet his burden in this case will only be reversed upon a strong showing that no factfinder acting reasonably could conclude otherwise than that defendant lacked criminal responsibility. *Condon,* 468 A.2d at 1351; *Ellingwood,* 409 A.2d at 646.

■ The statutory test for lack of criminal responsibility requires a finding of a mental disease or defect, as defined in 17–A M.R.S.A. '§ 39(2), and a finding that, as a result of the mental disease or defect at the time of the conduct, defendant either lacked substantial capacity to conform his conduct to the requirements of the law or lacked substantial capacity to appreciate the wrongfulness of the conduct. 17–A M.R.S.A. § 39(1). The Superior Court found that defendant established the existence of mental disease and defect but failed to establish the remaining requirement by a preponderance of the evidence.

■ The Superior Court framed its findings of the defendant's state of mind at the time of the offense in terms of the following three alternative hypotheses offered by expert testimony: one, defendant played out a role as an exorcist or one of similar identity, but he retained capacity to appreciate social standards and expectations; two, defendant acted on the basis of escalating rage and desire to punish, but he retained capacity to appreciate social standards and expectations; and three, defendant was psychotic at the time of the offense and acted on delusional beliefs that he and his family group faced imminent destruction, and he lacked capacity to appreciate social standards and expectations. The Superior Court found that the evidence was consistent with either of the first two hypotheses. Although the court explicitly found that the same evidence was not inconsistent with the third hypothesis, the court concluded that it was at least as likely that defendant played out the role of an exorcist or acted on the basis of escalating rage and a desire to punish and retained the capacity to appreciate the wrongfulness of his conduct.

Defendant argues that the expert testimony submitted on his behalf compelled a finding that he lacked criminal responsibility. The task of evaluating expert testimony is assigned to the factfinder. *Ellingwood,* 409 A.2d at 645. The factfinder is required to draw his own conclusions from the facts and underlying assumptions of the experts. *Condon,* 468 A.2d at 1351. Although defendant's expert witnesses testified that defendant was psychotic at the time of the offense, the experts offered by the prosecution testified that it was more probable that defendant was playing out the role of an exorcist or acting in rage, retaining the ability to appreciate the wrongfulness of his conduct. The Superior Court did not err in concluding that defendant failed to meet his burden of proving that he lacked criminal responsibility.

The entry is:
Judgment affirmed.

All concurring.