STATE of Maine

v.

**Earl LOSIER, Jr.**

Supreme Judicial Court of Maine.

Argued May 9, 1990.
Decided May 18, 1990.

Rae Ann French, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Richard Hall (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

The Superior Court (Penobscot County, *Chandler, J.*), in a jury-waived trial, found Earl Losier, Jr., of Bangor guilty of the murder of his younger brother, his brother's girlfriend, and her two brothers. The court sentenced defendant to life imprisonment for each of the four murders. On his appeal, defendant does not challenge the Superior Court's factual finding that he did shoot and kill the four victims with the requisite culpable state of mind to constitute knowing and intentional murder in violation of 17–A M.R.S.A. § 201(1)(A) (1983); he challenges only the Superior Court's rejection of his insanity defense.

 A criminal defendant pleading insanity has the burden of proving, by a preponderance of the evidence, that he was not criminally responsible because "at the time of the criminal conduct, as a result of mental disease or defect, he lacked substantial capacity to appreciate the wrongfulness of his conduct." 17–A M.R.S.A. § 39(1) (Supp.1989). In order to prevail on an appeal from the trial court's rejection of his insanity defense, the defendant must make "a strong showing that no factfinder acting reasonably could conclude otherwise than that [he] lacked criminal responsibility." *See State v. Lane*, 532 A.2d 144, 145 (Me.1987). In other words, the defendant must show that the evidence at trial compelled the factfinder to conclude that the defendant had indeed carried his burden of proof. *Cf. Luce Co. v. Hoefler*, 464 A.2d 213, 215 (Me.1983) ("a determination [that a party failed to carry his burden of proof] may be reversed on appeal only if the evidence ... was of such a nature that the factfinder was compelled to believe it"). Defendant on the present appeal fails to make any such showing. The trial record contains a conflict of psychiatric testimony

over whether defendant suffered from a diagnosable psychiatric condition. Furthermore, the justice heard testimony of defendant's conduct before, during, and immediately after the shooting, and from that evidence could draw his own conclusions on defendant's criminal responsibility. Defendant establishes no basis for us to interfere with his four murder convictions.

The entry is:

Judgments affirmed.

All concurring.